UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LAUREN BERRIOS,

        Plaintiff,

    -against-

HAMPTON BAYS UNION FREE SCHOOL
DISTRICT,

        Defendant.
---------------------------------------------------------X

MEMORANDUM AND ORDER

CV 02-3124

(Wexler, J.)

APPEARANCES:

    JOHN RAY AND ASSOCIATES
    BY: JOHN RAY, ESQ.
    122 North Country Road
    P.O. Box 5440
    Miller Place, NY 11764
    Attorneys for Plaintiff

    MIRANDA & SOKOLOFF, LLP
    BY: STEVEN C. STERN, ESQ.
    240 Mineola Blvd.
    Mineola, NY 11501
    Attorneys for Defendant

WEXLER, District Judge

    In this Title VII employment discrimination case, which is currently in the midst of a jury trial, Plaintiff alleges that she was terminated from her teaching position on account of perceived and actual religious beliefs. As to the "perceived" argument, Plaintiff alleges that she was perceived to be a witch, that is, a person who practices the Wiccan religion. Plaintiff denies that she is a member of the Wiccan religion and disavows any connection with witchcraft. In addition to arguing that she was the victim of employment discrimination on account of the

perceived belief that she is a Wiccan, Plaintiff argues that she was terminated because she is Jewish – her actual religion.[1]

When considering Plaintiff's claims in preparation for charging the jury, it occurred to the court that a claim based upon a "perceived" religious belief may not state a viable claim under Title VII. While the statute provides for a cause of action for those discriminated against on account of their religious beliefs, it makes no specific provision including those who are "perceived" to belong to a particular religion as falling within a protected class.

Research has revealed no precedent in the Supreme Court, this Circuit or any other Circuit Court of Appeals. However, two district court cases addressing the issue have rejected such claims. See Uddin v. Universal Avionics Sys. Corp., 2006 WL 1835291 *6 (N.D.Ga. June 30, 2006); Butler v. Potter, 345 F. Supp. 844, 850 (E.D. Tenn. 2004); see also Ashfar v. Pinkerton Academy, 2004 WL 1969873 * 1 (D.N.H. September 7, 2004) (denying summary judgment on other grounds in case alleging, inter alia, discrimination based upon perceived religious belief). The cases rejecting perceived religion claims rely upon the specific provision for "perceived" or "regarded as" cases in the Americans With Disabilities and Rehabilitation Acts, in contradistinction to the absence of such a provision in Title VII. Uddin, 2006 WL

---

[1] Plaintiff makes no claim based upon the First Amendment to the Constitution. No argument has been raised regarding the status of the Wiccan religion as a religious belief protected by Title VII. The court notes, however, that the definition of what constitutes a religious belief is certainly broad enough to include such a religion. See, e.g., Patrick v. LeFevre 745 F.2d 153, 158 (2d Cir. 1984) (noting importance of individual's subjective belief in defining what is religious); 29 C.F.R. § 1605 (defining religious nature of a practice or belief to include "moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views," whether or not any particular group espouses such beliefs).

1835291 *6; Butler, 345 F. Supp. at 850. Reasoning that Congress knows full well how to draft language providing for a perceived claim, these courts hold that no such claim is stated under Title VII.

Rather than dismiss the claim for perceived religious belief at this juncture, the court will take the following course of action. The court will instruct the jury as to both the perceived religious claim (that Plaintiff was perceived to be a Wiccan) and the actual claim of religious discrimination (based upon Plaintiff's actual Jewish religion). The verdict sheet shall ask the jury to set forth its findings as to each cause of action. In the event that the jury finds in favor of Plaintiff as to the perceived religion claim, such a finding will be clear and can be the subject of appeal. In the event that this court or the Court of Appeals holds that no such claim exists under Title VII, the jury's finding can be reversed, the remainder of the jury verdict can stand and there will be no need for a new trial.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 12, 2007